I suppose it was competent for Peace to pray a discovery from Nailing, whether he had any interest in the obligation on which suit was brought. But that mode of defense having been resorted to, and turning out fruitless, the bill ought to have been dismissed, and (297) not held over as an original, as was too often permitted to be done by courts of equity at the time this was filed.
By holding the bill over and taking testimony, it was intended to examine a second time the same subject, which had been examined and *Page 159 
disposed of in the court of law — to have a new trial — when the plaintiff had no equitable matter in his bill which entitled him to it. For that purpose testimony has been taken by both parties, and the suit has remained upon the docket twenty years. I have examined the testimony, not for the purpose of ascertaining whether the bill should be dismissed or not (for I think it ought to be dismissed, independently of any testimony), but to ascertain how the costs should be disposed of, and as far as I can discover, the merits of neither party entitle them to costs. Nothing but the endorsement on the note, and Nailing's answer, show that he had any interest in the note; indeed, there is reason to believe the contrary. On the other hand, whether he had any real interest in the note or not, Dickinson knew that the note was assigned to him before he paid the money to Smith.
For these reasons, I think neither party entitled to costs, but that each should pay their own. I suppose the suit remaining on the docket so long was owing to a common error.
PER CURIAM. Bill dismissed, without costs.
Cited: Radcliff v. Alpress, 38 N.C. 561; Champion v. Miller, 55 N.C. 196;Eborn v. Waldo, 59 N.C. 114.
(298)